IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS, INC., et al., | No. CIV S-06-1121 LKK DAD |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ADRIAN AGUILAR, | |
| Defendant. / | |

This matter came before the court on February 2, 2007, for hearing on plaintiffs' amended motion for default judgment against defendant. Thomas Kerr appeared telephonically on behalf of plaintiffs. There was no appearance on behalf of defendant. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons stated on the record and set forth below, the court recommends that plaintiffs' motion be granted.

PROCEDURAL BACKGROUND

Plaintiffs are recording companies that initiated this action for damages and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. for defendant's infringement of eight of plaintiffs' copyrighted sound recordings. Despite being served with process, defendant failed to appear in this action. The Clerk of the Court entered default against

1

defendant pursuant to plaintiffs' request.  Plaintiffs then filed the instant motion along with a declaration by counsel addressing damages.  Despite being served with all papers filed in connection with the motion for entry of default judgment and the amended motion, defendant has not responded to it.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944), and Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

/////

ANALYSIS

The detailed allegations of the complaint indicate that plaintiffs have exclusive rights to reproduce their respective copyrighted sound recordings and distribute them to the public and that defendant has used an online media distribution system to download plaintiffs' copyrighted recordings, distribute plaintiffs' copyrighted recordings to the public, and/or make the copyrighted recordings available for distribution to others, thereby infringing on plaintiffs' copyrights and violating plaintiffs' exclusive rights of reproduction and distribution.

The summons and complaint were served on defendant on May 21, 2006, by personal service. Defendant failed to answer or otherwise appear in this action. The Clerk entered defendant's default on August 22, 2006. Defendant was notified of the entry of default on September 25, 2006. Plaintiffs request the minimum statutory damages for each of the eight infringements alleged in the complaint in the amount of $6,000.00, a permanent injunction pursuant to § 505 of the Copyright Act, and costs in the amount of $420.00 pursuant to § 506 of the Act.

The court finds that the complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiffs seek only minimum statutory damages and costs, not the recovery of any lost profits or actual damages. Plaintiffs will be prejudiced if default judgment is denied because they will be without other recourse for recovery. In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. There is no indication that defendant's default resulted from excusable neglect, in light of plaintiffs' efforts to notify defendant of their complaint and their intent to pursue a default judgment. Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend himself against plaintiffs' claims makes a decision on the merits impossible in this case. Because the relevant factors weigh in plaintiffs' favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted against defendant.

1   Section 504(a) of the Copyright Act provides that "an infringer of copyright is
2   liable for either -- (1) the copyright owner's actual damages and any additional profits of the
3   infringer . . . or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).
4   Subsection (c), in turn, provides that

> the copyright owner may elect, at any time before final judgment is
> rendered, to recover, instead of actual damages and profits, an
> award of statutory damages for all infringements involved in the
> action, with respect to any one work, for which any one infringer is
> liable individually . . . in a sum of not less than $750 or more than
> $30,000 as the court considers just.

17 U.S.C. § 504(c).  A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to actual damages and the amount of the defendant's profits.  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).  The undersigned will recommend that the assigned district judge award plaintiffs the minimum statutory damages of $750.00 as to each of the eight copyright violations, as requested by plaintiffs, and that plaintiffs be awarded their costs in the amount of $420.00, consisting of the $350.00 filing fee and $70.00 expended for service of process.

The undersigned will also recommend that plaintiffs be granted a permanent injunction to enjoin defendant from reproducing and distributing plaintiffs' copyrighted works.  See MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) (while the general rule is that a permanent injunction will be granted when liability has been established and there is a threat of continuing violations, § 502(a) of the Copyright Act authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease").

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' November 30, 2006 amended motion for default, amending the motion for default judgment filed November 29, 2006, be granted; and

2. The proposed default judgment and permanent injunction submitted by plaintiffs on November 29, 2006, be signed and filed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\warner1121.f&r

5